UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NEVA LLOYD, PATRICIA KATZ, | : CIVIL NO. 3:02CV1368(AHN)(HBF) |
| MAGGIE GOMEZ, DEBRA SHOLES, | : |
| DEVIJI WILKINS, SHARON THOMAS, | : |
| and IDA TERRY | : |
| *Plaintiffs* | : |
| | : |
| v. | : |
| | : |
| STATE OF CONNECTICUT | : |
| DEPARTMENT OF CORRECTION, ET AL. | : August 19, 2005 |
| *Defendants* | |

**DEFENDANTS' OBJECTION TO MOTION FOR**
**MODIFICATION OF SCHEDULING ORDER**

The defendants in the above-captioned matter respectfully object to the Motion for Modification of Scheduling Order dated August 11, 2005. The plaintiffs have asserted that "Good cause exists for this modification because the parties have been involved in settlement discussions but cannot resolve these cases at this time. While plaintiffs are always willing to discuss settlement, any further delay of the substantive proceeding will cause undue harm and unjust delay". The plaintiff further asserts that "All deadlines were then put on hold for the purpose of settlement discussions with Magistrate Garfinkle." [Sic].

The defendants represent that they have received no information from the Court that settlement discussions in this case have ended. To the contrary, the defendants believe that they are still involved in ongoing discussions with Magistrate Garfinkel. As recently as August 3, 2005, prior to the Court's vacation, Attorney O'Neill sent a lengthy email to the Court indicating his understanding of outstanding settlement offers. The defendants have good-faith expectations that further settlement discussions will occur upon the completion of summer vacations.

Lastly, the plaintiffs have requested that "the defendants be required to produce all scanned discovery no later than two weeks from the date that Court enters an order with respect to this Motion." The plaintiff's attorney, who failed to ascertain the defendants' position, is likely aware from many previous discussions that the first phase of the scanning process will take, at the very least, three to four weeks. The plaintiff's attorney is also likely aware that the "scanning" process contemplates an expenditure in the range of $50,000.00 and that such process would be undertaken in conjunction with another case, *Allen v. Armstrong*, Docket No. 3:02CV1370 (AHN), which is still the subject of on-going settlement discussions.

In the event that the Court grants plaintiff's motion, the defendants will file a motion for a bond to be posted to cover the cost of the production and scanning of documents. The defendants will also request an evidentiary hearing as to the issue of cost and the necessity of scanning.

Wherefore, the defendants request that the court deny the plaintiff's Motion for Modification of Scheduling Order.

                    DEFENDANTS,
                    STATE OF CONNECTICUT,
                    DEPARTMENT OF
                    CORRECTION, ET AL.

BY: _____
     Jane B. Emons
     Assistant Attorney General
     55 Elm Street - P.O. Box 120
     Hartford, CT  06141-0120
     Tel:  (860) 808-5340
     Fax:  (860) 808-5383
     Federal Bar No. Ct. 16515
     Email:  jane.emons@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Objection To Motion For Modification of Scheduling Order, was mailed this 19th day of August, 2005, first class postage prepaid, to:

> Michelle Holmes
> Law Offices of Michelle Holmes
> 67 Holmes Avenue
> Waterbury, CT  06702

                                                                       _____
                                                                       Jane B. Emons
                                                                       Assistant Attorney General