UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NEVA LLOYD, PATRICIA KATZ | : | CIVIL ACTION NO. |
| MAGGIE GOMEZ, DEBRA SHOLES | : | 3:02CV1368(AHN)(HBF) |
| DEVIJI WILKINS, SHARON | : | |
| THOMAS and IDA TERRY, | : | |
|     Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | |
| STATE OF CONNECTICUT, DEPARTMENT OF | : | |
| CORRECTIONS, et al. | : | |
|     Defendants. | : | AUGUST 22, 2005 |

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR MODIFICATION OF SCHEDULING ORDER**

The plaintiffs do not expect that any further settlement discussions regarding these cases will result in settlement. Although plaintiffs do not wish to disclose confidential settlement discussions with Magistrate Garfinkel, it is clear based on the State's communications to him that allowing this case to flounder on this docket any longer will cause plaintiffs to suffer undue prejudice and harm.

Defendants' stall tactics are unacceptable and plaintiffs would like their cases to move forward. What the State does with the Allen case is of no moment to these plaintiffs. In fact, Magistrate Garfinkel agreed in his last email to the undersigned that these cases should move forward.

The defendants' threat to post a bond in this case is just another attempt to cause these women to suffer further injustice and delay. As this Court knows, the previous order for turning

over discovery met with no objection on the ground of finance or cost of production. Rather, a definitive deadline was set for production, but defendants were repeatedly graced with extensions under the ruse that there was a good faith interest in resolving these cases to avoid further cost of litigation.

The fact is, just prior to the start of these settlement discussions, and shortly before the set deadline, defendants represented to this Court and the undersigned that the "first wave" of discovery was ready. Plaintiffs cannot imagine why, at this juncture, defendants now expect plaintiffs to pay for this process and will need "at least three to four weeks" for it to occur. Plaintiffs did not suggest that defendants spend $50,000.00 to comply with discovery and if that is what they choose or need to do, this is not an expense these women are obligated to pay. Plaintiffs have fully complied with their discovery obligations, including, providing detailed medical records, wage information, and binders outlining the basis for their demand.

Why is the State always allowed to be excused from the rules of discovery and the absolute necessity that parties enter into settlement discussions in good faith as opposed to using settlement as a tactic designed to stall litigation? This is on ongoing trouble that has been tolerated too long. There is a serious problem with the manner in which this case has been managed, the manner in which these women were bullied by some counsel throughout settlement discussions, and now being threatened by the State just because they exercise their right move forward with litigation and obtain that which is contemplated under the rules of discovery.

The State has not made a single genuine offer to any one of these plaintiffs. Rather, the representations by the State have been unfocused, amorphous and non-responsive. Moreover, any semblance of an offer by the State placed former counsel for plaintiffs in a precarious ethical position. This is patently unacceptable to the undersigned and will not form the basis for settlement, if ever, going forward.

Based on the foregoing, plaintiffs respectfully request their motion be granted.

                PLAINTIFFS, NEVA LLOYD, PATRICIA KATZ,
                MAGGIE GOMEZ, DEBRA SHOLES, DEVIJI
                WILKINS, SHARON THOMAS AND
                IDA TERRY

By:_____
       Michelle Holmes
       Federal Bar Number: ct20014
       Law Office of Michelle N. Holmes
       67 Holmes Avenue
       Waterbury, CT  06702
       (203) 596-1091
       (203) 596-1093 (fax)
       mholmes@mholmeslaw.com
       Their Attorney

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed on this 22nd day of August, 2005, to the following counsel of record:

Margaret Q. Chapple, Esquire
Assistant Attorney General
Attorney General's Office
55 Elm Street, Box 120
Hartford, CT  06141-0120

Jane B. Emons, Esquire
Terrence M. O'Neill, Esquire
Assistant Attorney Generals
Attorney General's Office
55 Elm Street, Box 120
Hartford, CT  06141-0120

                                                _____
                                                Michelle Holmes