```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

NANCY ORR, ET AL.               :
                                :
                                :
     v.                         :  CIV. NO. 3:02CV1368 (AHN)
                                :
STATE OF CONNECTICUT,           :
DEPARTMENT OF CORRECTION,       :
ET AL.                          :
```

DISCOVERY RULING

At the conference on October 21, 2005, defendants sought compliance for specific Interrogatories and Requests for Production they contend are incomplete.[1] Defendants contend they cannot begin deposing plaintiffs until full compliance is made. On October 28, 2005, defendants submitted copies of their Interrogatories and Requests for Production, along with copies of the plaintiffs' responses and supplemental responses. Plaintiff responded by letter dated November 1, 2005.

**MAGGIE GOMEZ**

Interrogatory #16: By letter dated November 1, plaintiff states that "[a]ll of her complaints were in writing." Accordingly, plaintiff will submit a sworn statement that she made no oral complaints regarding sexual harassment to a supervisor,

---

[1] This ruling pertains to plaintiffs Neva Lloyd, Patricia Katz, Maggie Gomez, Debra Sholes, Deviji Wilkens, Sharon Thomas and Ida Kerry, all of whom are represented by Attorney Michelle Holmes. Plaintiff Nancy Orr is represented by Attorney Diane Polan and is not subject to this order.

1

administrator or affirmative action person since she began her employment with the Department of Correction.

Interrogatory #19: Plaintiff will provide a sworn statement identifying the individual(s) who "began a campaign of retaliation against her as alleged in paragraph 3 of plaintiff's complaint and specify which co-workers ostracized her as alleged in paragraph 3(a) of her complaint."

Interrogatory #20: Plaintiff states she does not have this information in her possession and will provide a response after review of defendants' discovery.  The parties are under an ongoing obligation to supplement their disclosures and responses pursuant to Fed. R. Civ. P. 26(e).  Defendants will renew their request for compliance, within a reasonable interval after documents are provided to plaintiffs, if plaintiff fails to answer in a timely manner.  The parties may agree to go forward with Ms. Gomez' deposition subject to recalling her to answer questions regarding the identity of DOC employees, male or female, who were allowed to take days off or go home early as alleged in paragraph 3b of plaintiff's complaint.

Request for Production #13: By letter dated November 1, plaintiff states that her "desk calendar was confiscated by defendants and never returned to plaintiff.  There are no other responsive documents and plaintiff relies on the information contained in

her complaint." Plaintiff will provided a sworn statement that there are "no documents, notes, diaries or other writings kept by plaintiff that relate or refer to allegations in the complaint" and that her "desk calendar was confiscated by defendants and never returned to plaintiff."

<u>Request for Production #14</u>: Plaintiff will provide a list identifying all written complaints of sexual harassment that she made during her employment.

**NEVA LLOYD**

<u>Interrogatory #16</u>: By letter dated November 1, plaintiff states "See letter to Attorney Emons." This letter, dated October 25, instructs defendants to refer to interrogatory response #2, which states that all statements are in possession of the defendants. Accordingly, plaintiff will answer Interrogatory #16 without reference to another interrogatory answer.  If she has not made any oral complaints, she will submit a sworn statement that she made no oral complaints regarding sexual harassment to a supervisor, administrator or affirmative action person since she began her employment with the Department of Correction.

<u>Interrogatory #19</u>: Plaintiff will provide a sworn statement identifying "which defendants have subjected plaintiff to sexual harassment, a hostile work environment and retaliation as alleged in paragraph 2 of her complaint and indicate:

(a) what violation each defendant is alleged to have committed;

(b) where;

(c) when; and

(d) in whose presence the violation took place.

Interrogatory #20: Plaintiff will provide a sworn statement identifying each and every "male co-worker and supervisor" alleged to have retaliated against her as alleged in paragraph 7 of her complaint and state:

(a) how plaintiff was retaliated against;

(b) who retaliated against her;

(c) when:

(d) where; and

(e) in whose presence the retaliation took place.

Request for Production #14: Plaintiff will provide a list identifying all written complaints of sexual harassment that she made during her employment.

**DEVIJI WILKINS**

Interrogatories #16, 19, 20: Plaintiff represents she will supplement her responses to this request.

Interrogatory #21: Plaintiff did not respond to this request in her letter dated November 1.  Accordingly, plaintiff will provide a sworn statement identifying with specificity and explaining all previous incidents to which she refers in paragraph 8 of her

complaint and state:

(a) Who was involved in the incidents;

(b) How plaintiff learned of the incidents;

(c) Did she or anyone else report these incidents; and

(d) When these incidents took place.

Request for Production #14: Plaintiff will provide a list identifying all written complaints of sexual harassment that she made during her employment.

**DEBRA SHOLES**

Interrogatory #16: By letter dated November 1, plaintiff appended her answer to Interrogatory #16, dated July 26, 2004, listing written and oral complaints of sexual harassment made during her employment with the DOC.  Defendants did not refer to this response in their October 28 letter.  If this response is still at issue, defendants can raise an objection at the next discovery conference.

**SHARON THOMAS**

Interrogatory #9: Plaintiff stated on August 4, 2003; November 20, 2003 and July 12, 2004, that she does not recall whether she tape recorded or recorded by any electronic means, any conversation with any person employed by the State of Connecticut and/or Department of Correction, the contents of which might pertain in any way to the allegations contained in her complaint.

By letter dated November 1, 2005, plaintiff again states she cannot recall whether she taped anything.  Defendants may go forward with scheduling plaintiff's deposition and ask for this information on the record.

Interrogatory #16: Plaintiff agreed to supplement her response to this interrogatory.

Request for Production #14: Plaintiff will provide a list identifying all written complaints of sexual harassment that she made during her employment.

**IDA TERRY**

Request for Production #14: Plaintiff will provide a list identifying all written complaints of sexual harassment that she made during her employment.

**PATRICIA KATZ**

Interrogatory 19: Plaintiff states in her letter of November 1, that she does not know the name of the inmate and that she personally observed the sexually harassing behavior.  Plaintiff's responses of record are incomplete.  Plaintiff will provide a sworn statement responsive to Interrogatory #19, and include the information provided in the November 1, 2005 letter.

<u>Interrogatory #20</u>:  Plaintiff will provide a sworn statement responsive to Interrogatory 20.  Reference to "documents already in the possession of the defendants" is an incomplete response.

<u>Interrogatory #21</u>:  Plaintiff will provide a sworn statement responsive to Interrogatory 21.  Reference to "documents already in the possession of the defendants" and to the narrative are incomplete responses.

<u>Request for Production #16</u>: Plaintiff will provide a list identifying all written complaints of sexual harassment that she made during her employment.

**MEDICAL AUTHORIZATIONS**

Plaintiffs will provide defendants with updated medical authorizations. Plaintiffs will not wait to provide the authorizations until the time of the depositions.  Defendants will commence the scheduling and taking of depositions without prejudice to recalling any party for follow-up questioning.

<u>Discovery Conference</u>

The next discovery conference will be held on Monday, November 28 at 2:30 PM on the record.

The parties may contact the Court to schedule a conference as issues arise. Any requests for extensions of time should be made in advance of the established deadlines.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 22nd day of November 2005.

\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE