**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NANCY ORR, et al, | : | CIVIL NO. 3:02CV1368(AHN)(HBF) |
| *Plaintiffs* | : | |
| | : | |
| | | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF CORRECTION, et al, | : | |
| *Defendants* | : | OCTOBER 19, 2006 |

## MOTION TO MODIFY SCHEDULING ORDER

The defendants in the above-captioned civil action hereby move the Court to modify the scheduling order entered on September 13, 2006 in order to allow the parties until December 1, 2006 to complete depositions of fact witnesses.

In support of this motion, the undersigned counsel for the defendants represents as follows:

1. On September 13, 2006, the Court entered a scheduling order that provided, in relevant part, that "[d]epositions of fact witnesses will be completed by Monday, October 23, 2006. There will be no further extension of this deadline unless the parties agree, or the court orders an extension based on a specific schedule."

2. The parties have completed depositions of many fact witnesses and, until yesterday, had agreed to dates for other depositions, including some dates that were after October 23, 2006.

3. The defendants have scheduled the completion of the deposition of plaintiff Deviji Wilkins for October 20, 2006 and, at the request of Attorney Holmes, has provided dates in November 2006 for the deposition of the plaintiff, Ida Terry.

4. On September 28, 2006, plaintiffs' counsel, Michelle Holmes, requested that the undersigned provide her with dates in October for the depositions of Donald Kruk, Mike Bivens and Carl Jordan. She further represented that, "I do not believe that I will be taking any other depositions."

5. On October 12, 2006, the undersigned informed Attorney Holmes via e-mail that we could take the deposition of Mr. Kruk on October 18 and offered October 25 for the depositions of Mr. Bivens and Mr. Jordan.

6. On October 13, 2006, Attorney Holmes send an e-mail to the undersigned stating as follows: "The 25th for Bivens and Jordan is good. I will notice for one at 10:00 the other at say 2:00 but possibly starting earlier. I did not make this clear before but I intend to take Kruk's

deposition after I am finished with the others. So I still need date for Civitello. I also am going to subpoena a former OAA employee and I will let you know the date of her availability. Most likely I will take that deposition early November. My schedule is good in November so give me dates for Ida Terry."

7.  On that same date, the undersigned sent an e-mail to Attorney Holmes, asking her whether she would agree to a modification of the scheduling order, since the dates proposed for these depositions were beyond the deadline set forth in the scheduling order.

8.  On October 17, 2006, Attorney Holmes notified the undersigned by e-mail that she had scheduled the deposition of Joseph Civitello for October 23, 2006.  Attorney Holmes did not consult with the counsel for the defendants to check on their availability for this deposition prior to scheduling it.  She further informed the undersigned that she planned to take a second deposition of a non-party witness on that same date, October 23, that she is not going to take Mr. Kruk's deposition, that she intends to proceed with the depositions of Mr. Bivens and Mr. Jordan on October 25, 2006 and that she plans no further depositions after that.

9.  On October 17, 2006, the undersigned proposed two dates, November 3 or 7, (as requested by Attorney Holmes on October 13)  for the defendants' counsel to take the deposition of the plaintiff, Ida Terry, but has not yet received a response from Attorney Holmes.

10.  Having agreed to conduct the depositions of Mr. Bivens and Mr. Jordan on October 25, 2006 and to schedule Ms. Terry's deposition in November, Attorney Holmes implicitly agreed to a modification of the previously scheduled deadline for deposing fact witnesses. However, on October 17, she informed the undersigned that she now does **not** consent to a modification of the scheduling order.

11.  A copy of the e-mail exchange between counsel is attached.

Wherefore, the defendants move the Court to modify the scheduling order in this case and allow the parties until December 1, 2006 to complete depositions of fact witnesses in this case.

DEFENDANTS


RICHARD BLUMENTHAL
ATTORNEY GENERAL



By:    _____
       Margaret Q. Chapple
       Assistant Attorney General
       55 Elm Street
       Hartford, CT  06106
       Tel:  (860) 808-5340
       Federal Bar No. ct05550
       Email: margaret.chapple@PO.STATE.CT.US



## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 19th day of

October, 2006, to the following:

       Attorney Michelle N. Holmes
       67 Holmes Avenue
       Waterbury, CT  06702



                              _____
                              Margaret Q. Chapple
                              Assistant Attorney General